# EXHIBIT 1-2

jurisdiction in New York. Plaintiffs seek recovery in claims sounding in civil Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), civil conspiracy, breach of contract, tortious interference with contracts, breach of fiduciary duty, aiding and abetting of fiduciary duty, unjust enrichment, fraudulent concealment, fraud, aiding and abetting fraud, negligent misrepresentation, negligence, conversion, and fraudulent transfer of bankruptcy assets.

## JURISDICTION AND VENUE

3. The Commercial Division of the New York State Supreme Court has jurisdiction over this matter pursuant to N.Y.Ct.Rules, § 202.70(a) and (b)(1),(6), and (7) in that the amount in controversy meets and exceeds the monetary threshold of $500,000.00 exclusive of punitive damages, interests, costs, disbursements and counsel fees claimed, and equitable or declaratory relief as well as monetary relief is sought for breach of contract, fiduciary duty, fraud, misrepresentation, business tort, and statutory and/or common law violation arising out of business dealings, business transactions involving dealings with commercial banks and other financial institutions, and the internal affairs of business organizations.

4. This Court has personal jurisdiction over Defendants Philip Robert Harris (hereinafter "Harris"), Anthony Dennis Harriott (hereinafter "Harriott"), and Chavdar Angelov Angelov (hereinafter "Angelov"), and Ayr both in its own capacity and against its executive officers and shareholders, pursuant to N.Y. CPLR §§ 301 and 302(a)(1)–(3). Not only do Harris, Harriott, Angelov and Ayr transact substantial business in New York State, the causes of action asserted in this lawsuit arise directly out of Harris, Harriott, and Angelov's tortious acts both within New York and outside of New York partly on behalf of Ayr which caused injury to persons and property within New York. Additionally, the

agreements upon which this claim in part arises specifically provide for venue in the State of New York as well as subject matter and personal jurisdiction in the State of New York.

5. This Court has personal jurisdiction over First Investment Bank (hereinafter "FIB"), on its own and against its executive officers and shareholders, pursuant to N.Y. CPLR § 302(a)(3) because FIB was a co-conspirator with, *inter alia,* Harris, Harriott, and Angelov to divest plaintiffs of their investment in the U.S. company, Ayr, through its Bulgarian-registered subsidiary, APD. FIB's acts, on its own and through its shareholders, had a direct effect in the United States, and FIB knew or should have known that its acts would have an effect in the United States. Specifically, Defendant FIB, by its acts, either expected or should have reasonably expected to have a consequence in New York and FIB derived substantial revenue from interstate and/or international commerce arising from those acts. Additionally, the agreements upon which FIB's acts arise in part specifically provides for venue in the State of New York as well as subject matter and personal jurisdiction in the State of New York. FIB may be served pursuant to the requirements of the Hague Convention on Service of Process.

6. The Court has personal jurisdiction over all other defendants pursuant to N.Y. CPLR § 302(a)(3). The causes of action asserted in this lawsuit arise directly out of Harris, Harriott and Angelov's New York acts, and the acts committed by Harris, Harriott and Angelov as co-conspirators with all other defendants, as well as by other participants in the conspiracy and/or enterprise, are imputable to all other defendants in this case. Defendants, by their acts, either expected or should have reasonably expected to have a consequence in New York and they derived substantial revenue from interstate and/or international commerce. All foreign defendants may be served pursuant to the requirements of the Hague Convention on Service of Process.

7. In the alternative, this Court has personal jurisdiction over the foreign defendants pursuant to Federal Rule of Civil Procedure 4(k)(2).

8. Defendant Bulgarian National Bank (hereinafter "BNB") is the central bank of Bulgarian, organized under the laws of Bulgarian and owned by the Republic of Bulgaria. Therefore, this Court has personal jurisdiction over BNB pursuant to 28 U.S.C. § 1602(a)(2) because the Republic of Bulgaria through BNB committed acts outside the territory of the United States in connection with its commercial activity and those acts caused a direct effect in the United States. BNB may be served pursuant to the requirements of the Hague Convention on Service of Process.

9. Defendant The Bank for Foreign Trade of the Russian Federation (hereinafter "VTB") is an investment bank registered in St. Petersburg, Russia. VTB Bank wholly owns and controls VTB Capital, AD, and wholly owns and controls Russian Commercial Bank with a branch in the Republic of Cyprus. The Russian Federation is a majority shareholder of VTB. Therefore, this Court has personal jurisdiction over VTB pursuant to 28 U.S.C. § 1602(a)(2) because the Russian Federation through VTB committed acts outside the territory of the United States in connection with its commercial activity and those acts caused a direct effect in the United States. VTB may be served pursuant to the requirements of the Hague Convention on Service of Process.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (3).

11. Venue is also proper under 18 U.S.C. § 1965(b). The ends of justice require that those defendants who reside in other jurisdictions and countries be brought before this Court in this civil action under 18 U.S.C. § 1964(c) for violations of 18 U.S.C. § 1962(a)-(c) to account for their wrongful acts.

## THE PARTIES

**Plaintiffs**

12. Plaintiff Rudersdal, EOOD (hereinafter "Rudersdal") is a company incorporated in Bulgaria with its principal place of business at Sofia, Bulgaria. Rudersdal is a wholly-owned subsidiary of Rudersdal, A/S, a company incorporated in Denmark with its principal place of business in Birkerod, Denmark. Rudersdal consists of shareholder/investors from the United Kingdom and Denmark who invested million of Euros in the SBP. Rudersdal is also an assignee of the claims of the Trustee in the Ayr U.S. bankruptcy proceedings in Dallas, Texas and a creditor of Ayr in the amount of approximately $14,908,580.20 the underlying agreements of which specifically provides for venue in the State of New York as well as subject matter and personal jurisdiction in the State of New York.

13. Plaintiff All Seas Property 2, OOD (hereinafter "All Sea" or "ASP2") is a company incorporated in Bulgaria with its principal place of business in Varna, Bulgaria, and an assignee of the claims of the Trustee in the Ayr bankruptcy proceedings in Dallas, Texas and a creditor of Ayr in the amount of approximately $37,897,480.61 the underlying agreements of which specifically provides for venue in the State of New York as well as subject matter and personal jurisdiction in the State of New York.

14. Plaintiff Asset Management, EAD (hereinafter "Asset Management") is a company incorporated in Bulgaria with its principal place of business in Targovishte, Bulgaria, and an assignee of the claims of the Trustee in the Ayr bankruptcy proceedings in Dallas, Texas and a creditor of Ayr in the amount of approximately $1,938,115.43 the underlying agreements of which specifically provides for venue in the State of New York as well as subject matter and personal jurisdiction in the State of New York.

15. Plaintiff Zahari Tomov (hereinafter "Tomov") is a citizen of Bulgaria, and an assignee of the claims of the Trustee in the Ayr bankruptcy proceedings in Dallas, Texas and a creditor