# EXHIBIT 1-3

of Ayr in the amount of approximately $10 million arising from Ayr and Harris' breach of contract and failure to pay legal fees for completed work, the underlying agreement of which provides for venue in the State of New York as well as subject matter and personal jurisdiction in the State of New York.

16. Plaintiff Zahari Tomov (hereinafter "Tomov-Special Counsel") is a citizen of Bulgaria, a U.S. Bankruptcy Court appointed Special Counsel and an assignee and owner of the claims of the Trustee in the Ayr bankruptcy proceedings in Dallas, Texas, claims of which provide venue in the State of New York as well as subject matter and personal jurisdiction in the State of New York.

**Defendants**

17. Upon information and belief, Defendant Philip Robert Harris (hereinafter "Harris") is a citizen of the United States and operates and is President and General Manager of Ayr, a company incorporated on or about 1995 majority-owned, upon information and belief, by Harris, and having offices in Texas, as well as other Ayr subsidiary companies. Ayr coordinated overseas business projects including as a joint partner in various international manufacturing and infrastructure projects. He also served as the sole Executive Director of Ayr's subsidiary Ayr Property Development, AD (hereinafter "APD").

18. Upon information and belief, Defendant Ayr Logistics Limited, Inc. (hereinafter "Ayr") is a company organized under the laws of the United States, incorporated in Texas with its principal place of business in Texas. Ayr is subject to bankruptcy proceedings in the U.S. Bankruptcy Court for the Northern District of Texas (Dallas) (fashioned as "In re: Ayr Logistics Limited Inc.," Case No. 14-34940-bjh-7), and, upon information and belief, Ayr is majority-owned by Harris with Harris as its President and General Manager. The

corporate veil between Ayr and Harris should be pierced to hold Harris personally liable for Ayr's wrongdoings as Harris treated Ayr as an alter ego at all times relevant herein.

19. Upon information and belief, Defendant Anthony Dennis Harriott (hereinafter "Harriott") is a permanent resident of the United States, is a citizen of Canada and the United Kingdom, a close business associate of Harris, owns Grant Capital Investments Limited incorporated in Malta, and is the Director of Wallace Companies, Inc., incorporated and with offices in Texas.

20. Upon information and belief, Grant Capital Investments Limited (hereinafter "Grant Capital") is a company organized under the laws of the Malta, with its principal place of business in Malta, and, upon information and belief, Grant Capital is owned by Harriott. The corporate veil between Grant Capital and Harriott should be pierced to hold Harriott personally liable for Grant Capital's wrongdoings as Harriott treated Grant Capital Investors as an alter ego at all times relevant herein.

21. Upon information and belief, Defendant First Investment Bank, AD (hereinafter "FIB") is a bank organized under the laws of the Republic of Bulgaria, operating therein and in the United States, the Republic of Cyprus, the Republic of Bulgaria, and the European Union (hereinafter "EU"). FIB is registered and operates in the United States pursuant to its Foreign Account Tax Compliance Act (hereinafter "FATCA") registration. FIB is licensed and transacts business in the United States pursuant to its Diner's Club franchise agreement. FIB conducted business in the United States through a Mortgage Receivable Sale and Purchase Agreement executed in the United States. In addition, at least two United States entities are minority shareholders in FIB: Defendants The Bank of New York Mellon Corporation in New York, N.Y., and Eaton Vance Structured Emerging Markets in Boston, M.A.

22. Upon information and belief, Defendant Tseko Todorov Minev (hereinafter "Minev") is a citizen of the Republic of Bulgaria and a majority shareholder of FIB. The FIB corporate veil should be pierced to hold Minev personally liable for FIB's wrongdoings because Minev completely controlled FIB and failed to treat it as a separate business identity, and Minev used his complete control of FIB to commit fraud and unjust acts against the plaintiffs, and personally profited thereby.

23. Upon information and belief, Defendant Ivailo Dimitrov Mutafchiev (hereinafter "Mutafchiev") is a citizen of the Republic of Bulgaria and a majority shareholder of FIB. The FIB corporate veil should be pierced to hold Mutafchiev personally liable for FIB's wrongdoings because Mutafchiev completely controlled FIB and failed to treat it as a separate business identity, and Mutafchiev used his complete control of FIB to commit fraud and unjust acts against the plaintiffs, and personally profited thereby.

24. Upon information and belief, Defendant Chavdar Angelov Angelov (hereinafter "Angelov") is a citizen of the Republic of Bulgaria and a permanent resident of the United States, and a close business associate of Harris and Harriott. Upon information and belief, Angelov maintains a residence in the state of New York.

25. Upon information and belief, Defendant All Seas Management, Ltd. (hereinafter "All Seas Management") is a company organized under the laws of the Marshall Islands with its principal place of business in Malta, and, upon information and belief, All Seas Management is owned by Angelov. The corporate veil between All Seas Management and Angelov should be pierced to hold Angelov personally liable for All Seas Management's wrongdoings as Angelov treated All Seas Management as an alter ego at all times relevant herein.

26. Upon information and belief, Defendant Blue Finance Limited (hereinafter "Blue Finance") is a company organized under the laws of the Marshall Islands, with its principal place of business in Malta, and, upon information and belief, Blue Finance is owned by Angelov. The corporate veil between Blue Finance and Angelov should be pierced to hold Angelov personally liable for Blue Finance's wrongdoings as Angelov treated Blue Finance as an alter ego at all times relevant herein.

27. Upon information and belief, Defendant Delyan Slavchev Peevski (hereinafter "Peevski") is a citizen of the Republic of Bulgaria and politician and a key figure in the Movement for Rights and Freedoms political party (hereinafter "MRF") in the Republic of Bulgaria.

28. Upon information and belief, Defendant NSN Investment, EOOD (hereinafter "NSN"), is a corporation organized under the laws of the Republic of Bulgaria, operating therein and in the Middle East, Republic of Turkey, and European Union, and is wholly owned by Peevski.

29. Upon information and belief, Defendant Bulgartabac Holding, AD (hereinafter "Bulgartabac or BTH") is a corporation organized under the laws of the Republic of Bulgarian. Bulgartabac is the Bulgarian monopoly which holds 22 subsidiaries in a world wide tobacco manufacturing and distribution business. Bulgartabac routinely transacts business in the United States. Bulgartabac has been subject to U.S. jurisdiction in multiple previous lawsuits in various U.S. jurisdictions and state and federal courts. In addition, Mellon Bank, and Eaton Vance are all United States entity minority shareholders of Bulgartabac. Bulgartabac additionally maintains operations and conducts business in the United States, the Middle East, the Republic of Turkey, the Arab Republic of Egypt, Republic of Indonesia, EU, Federative Republic of Brazil, the Republic of Guatemala, the Republic of Kenya, the Republic of Zimbabwe, the Republic of Uganda, the Republic of