# EXHIBIT 2-5

# EXHIBIT D



Фрея Транслейшънс / Freya Translations

Преводи от и на чужди езици
гр. Варна, ул. Н. Вапцаров № 3, вх. Г, ет. 8, офис 21, тел. +359 52 712 522, факс +359 52 712 533
e-mail: freyatranslations@gmail.com

*Translation from Bulgarian*

| AGREEMENT | СПОРАЗУМЕНИЕ |
|---|---|
| This Agreement was signed this 28th March 2012 at Varna, Bulgaria, by and between the persons holding interest in the approval of the Reorganization Plan as proposed by <u>Ayr Logistics Limited, Inc.</u>, Texas, USA, (**"Ayr"**) in the bankruptcy proceedings of <u>Ayr Property Development AD</u> (Ayr's investment vehicle) before the District Court of Targovishte, Bulgaria, (**"the Bankruptcy Court"**) hearing commercial case No.14/2011 ("the bankruptcy case"). The Bankruptcy Court in its ruling of 15th February 2012 has scheduled a meeting of the creditors of Ayr Property Development AD (**"APD"**) for 17th April 2012 to deliberate and vote on the reorganization plan for APD (**"the Reorganization Plan"**).<br><br>WHEREAS,<br><br>A. This Agreement was signed upon due discussion thereof as requested by the following creditors of APD:<br><br>• <u>All Seas Property 2 OOD</u> (**"ASP2"**) having an account receivable (**"AR"**) in the amount of <u>EUR 10,000,000</u> (ten million Euros) owed to them and negotiated for recovery under the proposed Reorganization Plan by way of transforming said AR into shares of stock in the capital of <u>New Co Property Investment AD</u> (**"New Co"**), a company Ayr has acquired for the purposes of the <u>Eco Dream Project</u> – as per the **Section V** of the | Днес, 28.03.2012 год., в гр. Варна, България, се подписа настоящото споразумение между заинтересованите лица от одобрението на оздравителния план предложен от Еър Лоджистикс Лимитед Инк (щат Тексас, САЩ) в производството по несъстоятелност на Еър Пропърти Девелопмънт АД (инвестиционно предприятие на Еър Лоджистикс Лимитед Инк), водено пред Окръжния съд на гр.Търговище, България (търговско дело № 14/2011 година), разглеждането и гласуването на който оздравителен план от събранието на кредиторите на Еър Пропърти Девелопмънт АД, е насрочено за 17.04.2012 год., съгласно определение на съда по несъстоятелността от 15.02.2012год.<br><br>(А) Настоящото споразумение се подписа след предварително обсъждане, проведено по искане на следните кредиторите на Еър Пропърти Девелопмънт:<br><br>• Ол Сийз Пропърти 2 ООД (ОСП 2), чието парично вземане е номинирано в оздравителния план за изплащане в размер на 10 000 000 (десет милиона евро) посредством трансформацията му в акционерно участие в капитала на Ню Ко Пропърти Инвестмънт АД, притежавано от Еър Лоджистикс Лимитед Инк във връзка с проекта "Еко Дрийм" – **Раздел V "Формула по ликвидация на вземанията на** |

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM  INDEX NO. 655901/2018
NYSCEF DOC. NO. 2                                                   RECEIVED NYSCEF: 11/27/2018
Case 1:19-cv-01762-GHW-RWL   Document 1-29   Filed 02/26/19   Page 4 of 12

2

Reorganization Plan: *"Liquidation Formula for the Receivables of APD's Non-Bank Creditors with Claims Accepted for Satisfaction under Art.722 Para 1 (8) of the Commerce Act"*;

- Asset Management EAD ("**Asset**") having an account receivable ("**AR**") in the amount of EUR 1,300,000 (one million and three hundred thousand Euros) owed to them and negotiated for recovery under the proposed Reorganization Plan by way of transforming said AR into shares of stock in the capital of New Co, a company Ayr has acquired for the purposes of the Eco Dream Project – as per the **Section V** of the **Reorganization Plan** *"Liquidation Formula for the Receivables of APD's Non-Bank Creditors with Claims Accepted for Satisfaction under Art.722 Para 1 (8) of the Commerce Act"*

B. ASP2 and Asset requested this Agreement to be concluded as a condition to be met before they agree to support the Reorganization Plan for APD as proposed by Ayr for the following considerations:

- The Reorganization Plan relies on the financial support to be provided by Mr. Anthony Harriott as instructed by Ayr and in furtherance of the Contract of Mandate Ayr and Mr Harriott executed on 19th January 2011 in that regard, and in the fashion agreed in the *Memorandum of Ayr Logistics Limited, Inc.'s Commitment to Provide Financially for the Reorganization Plan Intended to Repay Liabilities and Discharge Obligations of Ayr*

небанковите кредитори на Еър Пропърти Девелопмънт АД с прието вземане за удовлетворяване по чл. 722, ал.1 , т.8 на ТЗ" от оздравителния план;

- Асет Мениджмънт ЕАД (АСЕТ), чието парично вземане е номинирано в оздравителния план за изплащане в размер на 1 300 000 (един милион и триста хиляди евро) посредством трансформацията му в акционерно участие в капитала на Ню Ко Пропърти Инвестмънт АД, притежавано от Еър Лоджистикс Лимитед Инк във връзка с проекта "Еко Дрийм" – **Раздел V "Формула по ликвидация на вземанията на небанковите кредитори на Еър Пропърти Девелопмънт АД с прието вземане за удовлетворяване по чл. 722, ал.1 , т.8 на ТЗ"** на оздравителния план;

(Б) Настоящото споразумение е изискано от страна на ОСП2 и Асет като безусловно условие за подкрепата на оздравителния план на Еър Лоджистикс Лимитед Инк, предожен за Еър Пропърти Девелопмънт АД, и мотивирано със следните съображения:

- Оздравителният план е рефериран с подкрепата на финансовите активи на г-н Антъни Хариът, действащ по възлагане на Еър Лоджистикс Лимитед Инк, съгласно подписания за целта договор за мандат от 19.01.2011 г., така както това е посочено в подписания на 02-03 юли 2011 г. **"Меморандум за финансово осигуряване на оздравителния план на Еър Лоджистикс Лимитед Инк за изплащане и погасяване на**

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM   INDEX NO. 655901/2018
NYSCEF DOC. NO. 2   Case 1:19-cv-01762-GHW-RWL   Document 1-29   Filed 02/26/19   Page 5 of 12   RECEIVED NYSCEF: 11/27/2018

3

*Property Development AD, Bulgaria, to its Creditors*, signed on 2nd and 3rd July 2011. **None of the commitments or promises made thereunder has ever been fulfilled**;

- On 2nd December 2011 a meeting of APD creditors took place where Ayr's President and General Manager Mr. Philip Harris confirmed and restated that funds in the amount of 225,000,000 (two hundred and twenty five million Euros) were secured and in place for implementing the Reorganization Plan. He set 15th February 2012 as the deadline before or on which all the necessary bank deposits and guarantees for the implementation of the Reorganization Plan would be in place. Despite those assurances, however, 15th February 2012 – the deadline set and the date of the Creditors' meeting scheduled to discuss and vote on the Reorganization Plan – came to pass inconsequentially.

- On 15th December 2011 another meeting of the Creditors of APD was held and Ayr confirmed before the Meeting that a deposit of USD 22,000,000 (twenty two million US dollars) had been made. Said funds were intended to be the initial amount dedicated to the Reorganization Plan and had to be remitted in portions to the special lawyer's account with UniCredit Bulbank AD within 1st March 2012 – 15th April 2012. Discussion and voting of the Reorganization Plan for APD was once again rescheduled, this time for 17th April 2012.

C. Having being assured on a number of subsequent occasions that Ayr would

задълженията на Еър Пропърти Девелопмънт АД към кредиторите на Еър Пропърти Девелопмънт АД". Понастоящем, нито един от поетите с този Меморандум ангажименти не е изпълнен.

- На проведеното събрание на кредиторите на Еър Пропърти Девелопмънт АД, на 02.12.2011 г., Президентът и Генерален мениджър на Еър Лоджистикс Лимитед Инк, г-н Филип Харис, потвърди финансова осигуреност на оздравителния и на инвестиционния план в обем на 225 000 000 (двеста двадесет и пет милиона евро), посочвайки краен срок за снабдяване на оздравителния план с всички предвидени в него банкови гаранции и депозити в срок до 15.02.2012 г. Въпреки тези уверения, до 15.02.2012 г., за която дата е насрочено следващото събрание на кредиторите, което да разгледа и гласува оздравителния план, Еър Лоджистикс Лимитед Инк не са изпълнили поетите ангажименти за представяне на обещаните депозити и гаранции в срок до 15.02.2012 г.

- На проведено събрание на кредиторите на Еър Пропърти Девелопмънт АД от дата 15.12.2011 г., Еър Лоджистикс Лимитед Инк потвърди наличието на открит начален депозит в обем 22 000 000 (двадесет и два милиона щатски долара), предназначен за встъпителен баланс по оздравителния план, дължим по откритата за целта специална адвокатска сметка в УниКредит Булбанк АД, в периода 01.03.2012-15.04.2012 год. Обсъждането и гласуването на оздравителния план отново е отложено за 17.04.2012 г.

(В) Приемайки, че финансовите ангажименти на Еър Лоджистикс Лимитед

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM  INDEX NO. 655901/2018
NYSCEF DOC. NO. 30  RECEIVED NYSCEF: 11/27/2018
Case 1:19-cv-01762-GHW-RWL   Document 1-29   Filed 02/26/19   Page 6 of 12

4

fulfil their financial commitments to the Reorganization Plan for APD, the creditors ASP2 and Asset have agreed to support it, provided that the following conditions are met:

- If Ayr unconditionally undertakes to pay the ARs owed to ASP and Asset, respectively, as pre-agreed in Section V Para 9 (a.a) and (a.b) of the Reorganization Plan for APD - *"Liquidation Formula for the Receivables of APD's Non-Bank Creditors with Claims Accepted for Satisfaction under Art.722 Para 1 (8) of the Commerce Act"*;

- If Ayr unconditionally agrees to fulfil its financial commitments to ASP and Asset, regardless of whether or not or how the Reorganization Plan will be implemented, and regardless of whether or not or how the investment plan for the Eco Dream Project, for which New Co has been made responsible, will come to be realized;

- If Ayr unconditionally agrees to fulfil its financial commitments to ASP and Asset under the Reorganization Plan for APD at Ayr's risk and responsibility no later than 36 months after the Bankruptcy court has made its decision on the Reorganization Plan for APD.

NOW THEREFORE, and seeking to ensure ASP2's and Asset's support for the Reorganization Plan at the discussion and vote to be held at the meeting scheduled for 17th April 2012 by virtue of a court order in

Инк са действително осигурени така, както се настоява последователно в исканията за подкрепа на оздравителния план, предложен за Еър Пропърти Девелопмънт АД, кредиторите ОСП 2 и Асет, формулират подкрепата си за плана при изпълнение на следните изисквания:

- Еър Лоджистикс Лимитед Инк да поеме безусловното задължение да изплати предварително съгласуваните с оздравителния план права на ОСП2 и Асет, както са предвидени в б.(а.а.) и б. (а.б.), параграф 9 на Раздел V **"Формула по ликвидация на вземанията на небанковите кредитори на Еър Пропърти Девелопмънт АД с прието вземане за удовлетворяване по чл. 722, ал.1 , т.8 на ТЗ"**;

- Еър Лоджистикс Лимитед Инк да се съгласи да изпълни поетите с оздравителния план финансови ангажименти към ОСП2 и Асет, независимо от реализацията на оздравителния план за Еър Пропърти Девелопмънт АД и независимо от реализацията на инвестиционния план за проекта "Еко Дрийм", възложен за осъществяване чрез "Ню Ко – Пропърти Инвестмънт" АД;

- Еър Лоджистикс Лимитед Инк да се съгласи да изпълни финансовите си ангажименти, поети към ОСП2 и Асет с оздравителния план, на собствен риск и отговорност, в срок до 36 календарни месеца, считано от окончателното произнасяне на съда по несъстоятелността по оздравителния план за Еър Пропърти Девелопмънт АД;

При посочените по-горе обстоятелства и с цел осигуряване подкрепата на ОСП2 и Асет при обсъждането и гласуването на предложения от Еър Лоджистикс Лимитед Инк оздравителен план за Еър Пропър

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM  INDEX NO. 655901/2018
NYSCEF DOC. NO. 2                                  RECEIVED NYSCEF: 11/27/2018
Case 1:19-cv-01762-GHW-RWL   Document 1-29   Filed 02/26/19   Page 7 of 12

5

that regard, the parties hereto:

**Ayr Logistics Limited, Inc.**, a corporation organized in 1995 under the laws of Texas, USA, and having registered office at 459 Chippendale Drive, Rockwall, Texas 75032, USA, and represented by Philip Robert Harris, President and General Manager, acting through his legal representative Counsel Zahari Tomov, attorney at law, (member of the Varna Bar and having law office address at Varna 4 Paraskeva Nikolau St, floor 2, office 3) as duly appointed by a power of attorney of 18th July 2011 (bearing the certification of the Consular Department of the Ministry of Foreign Affairs of the Republic of Bulgaria dated 5th August 2011, hereinafter referred as "Ayr", of the first part,

And

**All Seas Property 2 OOD**, a commercial company registered under the laws of Bulgaria and having EIK (Company number): 148073564, based in Varna and having registered office address at Varna, 3 Nikola Vaptsarov St., entrance G, Office Centre, 8th floor, office 21, as represented by the Manager Lilyana Borisova, and

**Asset Management EAD** having EIK: **103921587** and registered office address at the town of Targovishte, 1 Tsar Assen St., and represented by the Executive Director Nikolay Hubenov, hereinafter refereed to as "**the Creditor**" or "**the Creditors**", of the second,

### THE PARTIES HAVE AGREED AS FOLLOWS:

1. The Creditors hereby agree and promise Ayr, that they shall play an active part in the deliberations and vote in support of the Reorganization Plan proposed for

Девелопмънт АД, насрочени за 17.04.2012 г. от съда по несъстоятелността на Еър Пропърти Девелопмънт АД, представените тук страни:

1. **Еър Лоджистикс Лимитед, Инк.**, учредено през 1995 г., съгласно законите на щата Тексас, САЩ, със седалище: 459 Чипъндейл Драйв, Рокуол, Тексас 75032, САЩ, представлявано от Филип Робърт Харис, Президент и Генерален мениджър, чрез адвокат Захари Томов, Адвокатска колегия – гр. Варна, ул. Параскева Николау № 4, ет. 2, офис № 3, назначен с пълномощно от 18.07.2011 г., заверено от Дирекция "Консулски отношения" при МВнР на Република България на дата 05.08.2011 год., от една страна, означавана по-долу за удобство като "**Еър**",

и

2. "**Ол Сийз Пропърти 2**" ООД, търговско дружество, регистрирано съобразно законодателството на Република България, ЕИК:148073564, със седалище в гр. Варна и адрес на управление ул. „Никола Вапцаров" № 3, вх.Г, офис център, ет. 8-ми, офис 21, представлявано от управителя Лиляна Борисова, и

"**Асет Мениджмънт**" **ЕАД**, **ЕИК:103921587**, представлявано от Николай Хубенов – Изпълнителен директор, с адрес: гр.Търговище, ул. Цар Иван Асен № 1, означавани за удобство като "**Кредитора или Кредиторите**",

Постигнаха съгласие за следното:

1. Кредиторите се съгласяват и задължават към Еър да участват активно в обсъжданията и да гласуват в подкрепа на оздравителния план предложен за Еър

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM
NYSCEF DOC. NO. 2
INDEX NO. 655901/2018
RECEIVED NYSCEF: 11/27/2018
Case 1:19-cv-01762-GHW-RWL   Document 1-29   Filed 02/26/19   Page 8 of 12

6

APD at the General Meeting of the Creditors scheduled for 17th April 2012 to that effect.

2. Ayr hereby agrees and undertakes to fulfil at their own risk and responsibility certain financial commitments to the Creditors as follows:

   (a) pay the creditor ASP2 the agreed value of ASP2's rights in the Reorganization Plan amounting to EUR 10,000,000 (ten million Euros) to the special bank account opened by ASP2 with Deutsche Bank, New York, no later than 36 months after the Bankruptcy court has made its final decision on the Reorganization Plan proposed for APD.

   (b) Pay the creditor Asset the agreed value of Asset's rights in the Reorganization Plan amounting to EUR 1,300,000 (one million and three hundred thousand Euros) to the special bank account opened by ASP2 with Deutsche Bank, New York, no later than 36 months after the Bankruptcy court has made its final decision on the Reorganization Plan proposed for APD.

3. Ayr and the Creditors hereby agree that by fulfilling the commitments made in Art.2 of this Agreement, Ayr shall acquire and assume and enter into to the rights of ASP2 and Asset as defined in the Reorganization Plan for APD and that both ASP2 and Asset shall be deemed to be completely satisfied and shall assert no claims against Ayr and its subsidiaries APD and New Co.

4. Ayr and the Creditors hereby agree that this Agreement shall supersede all

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM INDEX NO. 655901/2018
NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 11/27/2018
Case 1:19-cv-01762-GHW-RWL Document 1-29 Filed 02/26/19 Page 9 of 12

7

preceding agreements on the method and manner of payment of ASP2's and Asset's rights, including all primary agreements made by and between Ayr and ASP2 on the acquisition of the lands and the Silver Beach investment enterprise of 10th December 2009 and by and between Ayr and Asset of 8th August 2009 on the application for a bank loan in support and in favour of Ayr's agreements with FIB for rescheduling and buyout of the mortgage rights over the Silver Beach Project.

5. ASP2 and Ayr hereby agree that ASP2 shall render their agreement with ASB for the transfer of the AR from the sale price of the transaction for the sale of the Silver Beach investment enterprise dated 10th December 2009, null and void by reason of ASB's default on making the payment of such price as agreed.

6. Ayr and the Creditors hereby expressly agree on the following additional provisions:

   (a) **Enforcement of the Agreement:**

   This Agreement shall enter in force immediately when ASP2 and Asset render their joint support of the approval of APD's Reorganization Plan, when the matter is put to vote at the General Meeting of APD's Creditors scheduled for 17th April 2012.

   (b) **Choice of governing law and jurisdiction:**

   All matters arising from this Agreement including, but not limited to interpreting the will of the parties thereto, the validity of the

настоящото споразумение преурежда всички предходни договорености относно реда и начина на изплащане правата на ОСП2 и Асет, включително и изначалните договорености с ОСП 2 по придобиване на земята и инвестиционното предприятие "Силвър бийч" от дата 10.12.2009 г., както и договореността с Асет от 08.12.2009 г. за ползване на банков кредит в подкрепа и в полза на договаряният на Еър с Първа инвестиционна банка АД за преструктуриране и изкупуване на ипотечните права в проекта "Силвър бийч".

5. Кредитора ОСП2 и Еър се съгласяват и договарят ОСП2 да анулира договореността с Ол Сийз България ООД за прехвърляне на вземането за продажната цена по сключената на 10.12.2009 г. сделка за покупко-продажба на инвестиционното предприятие "Силвър бийч", поради неизпълнение на договореното заплащане на тази цена от страна на Ол Сийз България ООД.

6. Кредиторите и Еър депозират изричното свое съгласие върху следните допълнителни клаузи:

(а) Клауза за влизане в сила на настоящото споразумение:

Настоящото споразумение влиза в сила незабавно с депозиране на едновременната подкрепа на ОСП2 и Асет в полза на одобрението на оздравителния план за Еър Пропърти Девелопмънт АД при неговото гласуване от събранието на кредиторите на Еър Пропърти Девелопмънт АД, насрочено за 17.04.2012 г.

(б) Клауза за избор на приложимо право и юрисдикция:

Всички въпроси, произтичащи от настоящото споразумение, като изброените по-долу, но не само - тълкуване на волята на съдоговорителите,

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM   INDEX NO. 655901/2018
NYSCEF DOC. NO. 2   RECEIVED NYSCEF: 11/27/2018
Case 1:19-cv-01762-GHW-RWL   Document 1-29   Filed 02/26/19   Page 10 of 12

8

| English | Bulgarian |
|---|---|
| Agreement, fulfilment of the parties' obligations, the consequences from the performance of this Agreement, its violation and the consequences therefrom shall be settled by the parties in an amicable manner in observance of the good commercial and investment practices recognized by the international and the US laws. | валидност на споразумението, изпълнение на задълженията, последици от изпълнението на споразумението, нарушение на споразумението и последици на нарушението - ще се уреждат по приятелски начин според стандартите на добрата търговска и инвестиционна практика, познати в международното право и законите на САЩ. |
| If the parties fail to reach such amicable resolution and the dispute still exists, the parties shall refer the dispute for resolution to the competent court having jurisdiction over the principal place of business of Ayr. | В случай на невъзможност за изграждане на съгласие по приятелски начин и наличието на спор между страните по настоящото споразумение, компетентен да реши всеки един такъв спор ще бъде съда по място на управление на Еър. |
| **(c) Compensation for damages caused by default on the agreements:** | **(в) Клауза за обезщетение при нарушение на договореностите:** |
| Each of the parties hereby undertakes to compensate the other party in case of any default on the above agreements by paying a lump sum penalty of 18% (eighteen percent) of the relevant value of ASP2's right (if the default affects their accounts receivable) and the relevant value of Asset's right (if the default affects their accounts receivable) respectively. | Всяка от страните по настоящото споразумение се съгласява да обезщети другата страната в случаите на допуснато нарушение на установените по –горе договорености, като заплати еднократна неустойка в обем на 18 % (осемнадесет процента), изчислена върху съответната стойност на правото на ОСП2 (в случай на нарушение свързано с това вземане), съответно върху стойността на правото на Асет (в случай на нарушение свързани с това вземане). |
| **(d) Option for joinder of parties** | **(г) Опция за присъединяване:** |
| In observance with the representations made and advance consent given in Para 12, Section VIII "Formula for covering the interests involved in the implementation of the Reorganization Plan regarding the claims asserted by Rudersdal EOOD" of the Reorganization Plan for APD, ASP2 and Ayr hereby agree that: | Съответно на номинацията и предварително депозираното съгласие по параграф 12, раздел VIII "Формула на покритие на интересите по приложение на оздравителния план спрямо предявеното вземане от Рудерсдал ЕООД" от оздравителния план за Еър Пропърти Девелопмънт АД, Кредиторът ОСП2 и Еър се договарят: |
| (i) Rudersdal EOOD shall | (г.а.) Рудерсдал ЕООД има запазено |

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM    INDEX NO. 655901/2018
NYSCEF DOC. NO. 2    Case 1:19-cv-01762-GHW-RWL   Document 1-29   Filed 02/26/19   Page 11 of 12    RECEIVED NYSCEF: 11/27/2018

9

enjoy a reserved right to join as a party to this Agreement by entering into ASP2's rights hereby agreed and exercising such rights together with ASP2, where the intercompany relationships between Rudersdal and ASP2 shall concern and be enforceable against Ayr to the extent and in the manner defined in Section VIII of the Reorganization Plan and as set forth herein below;

(ii) Fulfilment of Ayr's obligation under Para 2(a) of this Agreement shall be deemed to be duly made and Ayr shall be released from any responsibility to Rudersdal EOOD, if Ayr notifies Rudersdal EOOD of the right-extinguishing payment made to ASP2's bank account, when ASP2's bank account with Deutsche Bank, New York, is credited with the EUR 10,000,000 (ten million Euros) due, and instructs the simultaneous performance under Section VIII of the Reorganization Plan. Ayr hereby undertakes to notify Rudersdal as detailed above, irrespective whether or not Rudersdal has joined as a party to this Agreement.

(iii) ASP2 and Ayr hereby agree that the EUR 10,000,000 (ten million Euros) credited to ASP2's bank account with Deutsche Bank, New York shall be blocked in favour of Rudersdal EOOD for a 30 days-term as of the date on which the notice of simultaneous performance under Section VIII of the Reorganization Plan is given. If Rudersdal EOOD fails to join as a party to this Agreement or refuses to accept the notice for simultaneous performance under Section VIII of the Reorganization Plan at the expiration of the above 30 days-term, all commitments made by Ayr in favour of Rudersdal EOOD under the Reorganization Plan shall be deemed to be fulfilled and ASP2 shall

право да се присъедини като страна по настоящото споразумение, встъпвайки в договорените права на ОСП2 и наред с ОСП2, като вътрешните отношения между тях са относими и противопоставими на Еър толкова и така, както това е посочено в раздел VIII на оздравителния план и както е определено в следващите точки:

(г.б.) Изпълнението на задължението на Еър, посочено в параграф 2(а) на настоящото споразумение, се зачита като надлежно изпълнено и освободено от всякаква отговорност спрямо Рудерсдал ЕООД, ако със заверката на откритата специална сметка в Дойче банк-Ню Йорк на името на ОСП2 с дължимата сума от 10 000 000 (десет милиона евро), Еър уведоми Рудерсдал ЕООД за извършеното погасително плащане към ОСП2, с указание за едновременно изпълнение по раздел VIII на оздравителния план. Това уведомление се дължи независимо от това дали Рудерсдал ЕООД се е присъединило към настоящото споразумение.

(г.в.) Кредиторът ОСП2 и Еър се договорят платените по специалната сметка на ОСП2 в Дойче банк-Ню Йорк 10 000 000 (десет милиона евро) да бъдат блокирани в полза на Рудерсдал ЕООД за срок от 30 дни, считано от датата на уведомлението за едновременно изпълнение по раздел VIII на оздравителния план. В случай че Рудресдал ЕООД не се присъедини към настоящото споразумение или не акцептира уведомлението на едновременно изпълнение по раздел VIII на оздравителния план, с изтичането на 30-дневния срок всички поети ангажименти от Еър с оздравителния план в полза на Рудресдал ЕООД се погасяват, а единствено ОСП2 остава отговорен към

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM
NYSCEF DOC. NO. 2
Case 1:19-cv-01762-GHW-RWL   Document 1-29   Filed 02/26/19   Page 12 of 12
INDEX NO. 655901/2018
RECEIVED NYSCEF: 11/27/2018

10

remain solely responsible to Rudersdal EOOD.

**7. Closing provisions**

(a) This Agreement was drawn and signed in four uniform copies, one for each of the parties thereto and one to be accepted by Rudersdal EOOD.

(b) Rudersdal's joinder to this Agreement is not a requirement and shall stipulate no condition for enforcement of the Agreement as defined by the parties thereto in Para 6(a) above.

(c) This Agreement was drawn and signed in both English and Bulgarian; the English version shall prevail and have priority over the Bulgarian in the interpretation of the will of the parties and in the event of any dispute thereunder.

For Ayr Logistics Limited Inc.:

_____
Zahari Tomov, Attorney at law
(Duly appointed by POA of 18th July 2011)

For All Seas Property 2 OOD:

_____
Lilyana Borisova, Manager

For Asset Management EAD:

_____
Nikolay Hubenov, Executive Director

За Еър:

_____
Адв. Захари Томов
(по пълномощно от 18.07.2011)

За ОСП 2:

_____
Лиляна Борисова – Управител

За Асет:

_____
Николай Хубенов – Изпълнителен директор

The undersigned, Boriana Ilieva Stefanova, hereby attest that this is a true and correct translation from Bulgarian into English of the attached document – Agreement of 28 March 2012. This translation has 10 pages.

Translator: _____ Boriana Ilieva Stefanova

