# EXHIBIT 2-7

# EXHIBIT F

## ДОПЪЛВАЩО СПОРАЗУМЕНИЕ

Днес, 27-и ноември 2013 г., в гр.Варна, България, се подписа настоящото допълнително споразумение между страните по споразумението от 28.03.2012 г., базирано на фактите и доказателствата, разкрити в хода на проведеното разследване, отнасящо се до легитимността и валидността на представените в производството по несъстоятелност водено спрямо Еър Пропърти Девелопмънт АД ("ЕПД") платежни искове от Първа инвестиционна банка АД ("ПИБ"), отхвърлени с Решение №2 от 08.02.2013 г. по т.д.№ 82/2011 от Търговищкия окръжен съд.

### Всяка една от страните:

1. **Ол Сийз Пропърти 2 ООД**, търговско дружество, регистрирано съгласно законодателството на Република България, ЕИК:140873564, със седалище и адрес на управление в гр.Варна, ул."Никола Вапцаров" №3, вх.Г, офис център, ет.8, офис 21, представлявано от управителя Георги Мирчев, лично и чрез адв.Димитър Янакиев, АК Варна,

2. **Асет Мениджмънт ЕАД**, търговско дружество, регистрирано съгласно законодателството на Република България, ЕИК:103921587, със седалище и адрес на управление в гр.Търговище, ул.Цар Иван Асен № 1, представлявано от Изпълнителните директори Николай Хубенов и Светлозар Касабов, лично и чрез адв. Димитър Янакиев;

3. **Еър Лоджистикс Лимитед Инк.**, учредено през 1995 г., съгласно законите на щата Тексас, САЩ, със седалище : 459 Чипъндейл Драйв, Рокоул, Тексас 75032, САЩ, представлявано от Филип Робърт Харис, Президент и Генерален мениджър, чрез адвокат Захари Томов, АК – гр.Варна, назначен с пълномощно от 18.07.2011 г., заверено от Дирекция "Консулски оношения" при МВнР на Република България на дата 05.08.2011 г.,

### Се съгласява със следното:

---

## SUPPLEMENTAL AGREEMENT

This Supplemental Agreement was made this 27th day of November 2013 by and between the parties to the Agreement of 28th March 2012 to incorporate the mutual understanding of the parties on the facts and evidence that have come to the fore upon the completion of the investigation as to the legitimacy and validity of the payment claims asserted by First Investment Bank AD (**FIB**) in the bankruptcy case of Ayr Property Development AD (**APD**) and denied by Decision No.82 entered on February 8, 2013 by the Targovishte District Court in Case 82/2011 with such court.

### Each of the parties below:

1. **All Seas Property 2 OOD**, a company incorporated under the laws of the Republic of Bulgaria and having EIK (Company number):140873564, and seat and registered office address at Varna, 3 Nikola Vaptsarov St., entrance G, Office Centre, 8th floor, office 21, as represented by its Manager Georgi Mirchev acting in person and through Attorney Dimitar Yanakiev (Varna Bar);

2. **Asset Management EAD**, a company incorporated under the laws of the Republic of Bulgaria and having EIK: 103921587, and seat and registered office address at Targovishte, 1 Tzar Assen St., as represented by the Executive Directors Nikolay Hubenov and Svetlozar Kassabov each acting in person and through Attorney Dimitar Yanakiev;

3. **Ayr Logistics Limited, Inc.**, a company incorporated in 1995 under the laws of Texas, USA and having seat at 459 Chippendale Drive, Rockwall, Texas 75032, USA, as represented by the President and General Manager Phillip Robert Harris acting through Attorney Zahari Tomov (Varna Bar) retained and authorized in that regard by a power of attorney made on July 18, 2011 and duly certified by the Consular Department at the Bulgarian Ministry of Interior on August 5, 2011;

### Has consented to and agreed as follows:

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM INDEX NO. 655901/2018
NYSCEF DOC. NO. 2   Case 1:19-cv-01762-GHW-RWL   Document 1-31   Filed 02/26/19   Page 4 of 7   RECEIVED NYSCEF: 11/27/2018

2

§1. Извършените през 2007 и 2008 год. по сметката на *Ол Сийз Мениджмънт* (Република Маршалови острови), в банка Валета (Малта), финансирани със средствата по банковите заеми предоставени от ПИБ на *Порт Инвестмънт Девелопмънт – България 2 ЕАД* с договори за банков заем № 39КР-АА-2510 от 22.11.2007 г. и № 014LD-L-000002 от 02.10.2008 г., обслужват фиктивни сделки и не осъществяват вложения в проекта "Силвър бийч". Тези сделки и трансфери стоят извън обхвата на споразумението от 09.12.2009 г. и обхвата сделките от 10.12.2009 г., прехвърлящи правата върху проекта "Силвър бийч" и собствеността върху инвестиционните терени в този проект;

§2. Извършените през 2009 и 2010 год. разплащания по сделките на *Блу Финанс Лимитед* (Република Маршалови острови), финансирани със средствата по банковия заем предоставен от ПИБ на Асет Мениджмънт ЕАД, № 014LD-L-000006 от 29.12.2009 г., обслужват фиктивни сделки и не осъществяват вложения в проекта Силвър бийч. Тези сделки и трансфери стоят извън възложенията на Асет Мениджмънт ЕАД мандат от 08.12.2009 г. от *Еър Лоджистикс Лимитед Инк* и *Ол Сийз България ЕООД*, действащи в качеството си на учредители на ЕПД, възлагащ срещу възнаграждение ползването на банков заем от 8 милиона евро от ПИБ;

§3. *Еър Лоджистикс Лимитед Инк.*, както и имуществото в масата на несъстоятелността на ЕПД, не са задължени с тези трансфери и сделки, като Еър Лоджистикс Лимитед Инк остава задължен към Ол Сийз Пропърти 2 ООД да изплати в пълния обем цената по придобиване на правата и собствеността върху проекта Силвър бийч и инвестиционните терени в него, както това е договорено в споразумението от 09.12.2009 г, регистрирано под № 7201 в

§1. The money transfers made back in 2007 and 2008 to the bank account of *All Seas Management* (the Marshall Islands) with the Bank of Valetta, Malta, used funds borrowed by Port Investment Development – Bulgaria 2 EAD and lent by FIB under bank loan agreements of Nos.39KP-AA-2510 of 22nd November 2007 and 014LD-L-000002 of 2nd October 2008, respectively. These money transfers were purportedly servicing transactions, which however were fictitious and were anything but investment in the Silver Beach Project. The said transactions and the money transfers related to them were outside and beyond the scope of the Agreement dated December 9, 2009 and had nothing to do with the transactions concluded for the transfer of rights held in the Silver Beach Project or the rights of ownership in the investment lands thereunder.

§2. The money transfers made back in 2007 and 2008 to the bank account of *Blue Finance Limited* (the Marshall Islands) with the Bank of Valetta, Malta, used funds borrowed by Asset Management EAD and lent by FIB under bank loan agreement No. 014LD-L-000006 of 29th December 2009. These money transfers were purportedly servicing transactions, which however were fictitious and were anything but investment in the Silver Beach Project. The said transactions and the money transfers related to them were outside and beyond the scope of the mandate APD incorporators *Ayr Logistics Limited, Inc.* and *All Seas Bulgaria EOOD* gave to Asset Management EAD instructing the latter to borrow an 8-million-euro loan from FIB in return for a good an valuable consideration.

§3. Neither *Ayr Logistics Limited, Inc.* nor the property of APD's bankruptcy estate ("**APD's Estate**") are bound in any way whatsoever by the said transactions or the money transfers related thereto, while at the same time *Ayr Logistics Limited, Inc.* remains liable to All Seas Property to for the full amount of the price payable for Ayr's acquiring the rights in and ownership of the Silver Beach Project and its lands as agreed under the December 9, 2009 Agreement, which was recorded under reg.No.7201 in the

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM   INDEX NO. 655901/2018
NYSCEF DOC. NO. 2                                  RECEIVED NYSCEF: 11/27/2018
Case 1:19-cv-01762-GHW-RWL   Document 1-31   Filed 02/26/19   Page 5 of 7

3

канцеларията на Варненския нотариус Николай Дюлгеров, с лиценз номер 484 на Нотариалната камара.

§4. Страните се съгласяват всеки един спор или иск който може да възникне в резултат на извършените трансфери обслужили фиктивните сделки на Ол Сийз Мениджмънт и Блу Финанс Лимитед, или пък което и да имуществено право породено от платежните искове на ПИБ, предявени спрямо имуществото в масата на несъстоятелността на ЕПД, когато този спор, право и/или иск се отнася до правата и задълженията на страните по настоящото допълващо споразумение и /или до правата и задълженията по споразумението от 28.03.2012, да бъде подчинен на:

- Законите на САЩ имащи отношение към финансовите измами, прането на пари и корупцията, и на разпоредбите на чл.34 и чл.35 от Конвенцията ООН срещу корупцията, приложена към настоящото;

- Страните се съгласяват, че мястото на изпълнение на Договора от 28.03.2012 г. и всички допълнения към него е в щата Ню Йорк и следователно мястото им на изпълнение ще бъде в щата Ню Йорк.

- Федералният окръжен съд в Ню Йорк, щата Ню Йорк, притежава местна и родова компетентност спрямо всички страни по настоящото. Изборът на приложимо право са законите на щата Ню Йорк.

- Страните нарочно се подчиняват на законите, съдилищата и юрисдикцията на щата Ню Йорк, понеже питаят съмнения към ефективността на принципите на правовата държава в България и понеже основното изпълнение на договорите и всички техни допълнения е в щата Ню Йорк.

- Страните се съгласяват, че Федералният Окръжен съд в Ню Йорк, щата Ню Йорк е компетентен да разгледа всеки един такъв спор и/или да се произнесе по всяко едно право

---

records kept at the offices of the Varna Notary Public Nikolay Dyulgerov (commissioned under No.484 by the Chamber of Notaries Public).

§4. The parties agree that each and any dispute or claim arising from any of the money transfers servicing the fictitious transactions made by *All Seas Management* or *Blue Finance Limited*, or any controversy over any property right stemming from the payment claims FIB lodged against the property of APD's Estate where such controversy or right or claim concerns any of the rights or liabilities of the parties hereto, or any of the rights or liabilities of the parties to the March 28th 2012 Agreement shall be governed by:

- The U.S. laws concerning financial fraud, money laundering and corrupt activities, as well as to the provisions set forth in Art.34 and Art.35 of the *United Nations Convention Against Corruption*, attached hereto;

- The Parties agree that the March 28, 2012 Agreement and any supplements thereto shall have its effect in the State of New York and therefore shall be domiciled in the State of New York.

- The U.S. Federal District Court in New York, State of New York shall have subject matter jurisdiction and personal jurisdiction over all the parties hereto. The choice of law shall be New York State Law.

- The Parties purposefully subject themselves to the laws, courts and jurisdictions of the State of New York, because they question the effectiveness of the rule of law in Bulgaria, and because the principle performance of the Agreements and any supplements thereto is in the State of New York.

- The Parties agree that the U.S. Federal District Court in New York, the State of New York shall have jurisdiction over any dispute or controversy and/or shall be the one to make a determination or a decision on any rights and/or a claim concerning

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM INDEX NO. 655901/2018
NYSCEF DOC. NO. 2   Case 1:19-cv-01762-GHW-RWL   Document 1-31   Filed 02/26/19   Page 6 of 7   RECEIVED NYSCEF: 11/27/2018

4

и/или иск отнасящ до упражняване на правата и/или изпълнението на задълженията на представените тук страни. По-специално Еър Лоджистикс Лимитид Инк. е избрал и номинирал <u>Дойче банк в Ню Йорк</u>, като място на изпълнение по договорите и всички допълнения към тях. Еър Лоджистикс Лимитед Инк е задължен да открие сметка в полза на Асет Мениджмънт ЕАД и Ол Сийз Пропърти 2 ООД и да извърши дължимото към тях плащане в Дойче Банк, Ню Йорк;

§5. В случай на възникване на спор или упражняване на правата ,произтичащи от Споразумението от 28.03.2012 и от настоящото допълващо споразумение, и едновременно с това възникне или се установи основание за провеждане на процедури от преюдициално значение, независимо от техния характер и естество, като например – провеждане на разследване от страна на властите на САЩ притежавани правомощия да разследват финансови измами, пране на пари и корупция, постановяване на конфискационни мерки или предприемане на обезпечителни действия, когато това може да засегне имуществените права на всяка една от представените тук страни, действието на посочени тук договорености се удължава с толкова, колкото е необходимо според случая.

§6. Настоящото допълващо споразумение е неразделна част от споразумението подписано на 28.03.2012 и тълкуването и приложението на последното се подчинява изцяло на посочените по-горе договорености, които имат преимущество и ограничават действието на всяка предходна договореност, която може да възпрепятства правата на която и да е представените тук страни. Нито една договореност между страните преди и по време действието на настоящото допълващо споразумение, не може да се тълкува или прилага по начин, който води до нарушаване и конфликт с разпоредбите на чл.34 и чл.35 от Конвенцията на ООН срещу корупцията, и Законите на САЩ

the exercise of any rights or meeting any liability of any of the parties hereto. More particularly, Ayr Logistics Limited, Inc. has chosen and designated <u>Deutsche Bank, New York</u>, the State of New York as the place of performance under the Agreements and any supplements thereto. *Ayr Logistics Limited, Inc.* is obligated to open accounts in favour of *Asset Management EAD* and *All Seas Property 2 OOD* and make the payments it owes to the said two companies in Deutsche Bank, New York.

§5. In the event of any dispute arising from or over the exercise of the rights stemming from the March 28, 2012 Agreement or from this Supplemental Agreement, and if certain basis or grounds for conducting any preliminary procedure of whatever nature or purpose, such as - an investigation by the competent U.S. authorities of financial fraud or money laundering or corruption cases need to be launched, or confiscation orders are issued or any other protective measures need to be imposed - should simultaneously arise and where any of those might affect any of the property rights held by any of the parties hereto, the duration and effect of this Agreement shall be extended as deemed fit in any specific case.

§6. This Supplemental Agreement shall be an integral part of the March 28, 2012 Agreement and shall be construed and applied according to the above provisions, which shall prevail and shall supersede any earlier agreements or arrangements that might obstruct or restrict the exercise of the rights of any of the parties hereto. Nothing in any previous agreements reached earlier or concurrently with this Agreement by and between the parties hereto may be construed or enforced in a fashion that might give rise to a breach of or be in conflict with the provisions of Art.34 and Art. 35 of the *United Nations Convention Against Corruption,* or the U.S. laws combatting financial fraud,

FILED: NEW YORK COUNTY CLERK 11/27/2018 08:10 PM  INDEX NO. 655901/2018
NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 11/27/2018
Case 1:19-cv-01762-GHW-RWL   Document 1-31   Filed 02/26/19   Page 7 of 7

5

| | |
|---|---|
| отнасящи се до финансовите измами, прането на пари и корупцията. | money laundering and corruption. |
| §7. Настоящото споразумение се подписа присъствено от лицата представляващи договарящите се страни, съставено на английски и български език, като английскя език има предимство при тълкуване и определяне съдържанието на волята на страните в случай, че възникне такъв спор | §7. This Agreement was drawn up in English and in Bulgarian and was signed by each party hereto in person. In the event of any dispute should arise over the interpretation or meaning of the will and intention of the Parties hereto the English version shall prevail. |
| За Ол Сийз Пропърти 2 ООД: | For All Seas Property 2 OOD: |
| Георги Мирчев –Управител | Georgi Mirchev, Manager |
| Адв. Димитър Янакиев | Dimitar Yanakiev, Attorney-at-law |
| За Асет Мениджмънт ЕАД: | For Asset Management EAD: |
| Николай Хубенов –Изп.директор | Nikolay Hubenov, Executive Director |
| Светлозар Касабов – Изп.директор | Svetlozar Kassabov, Executive Director |
| Адв. Димитър Янакиев | Dimitar Yanakiev, Attorney-at-law |
| За Еър Лоджистикс Лимитед Инк : | For Ayr Logistics Limited, Inc.: |
| Адв. Захари Томов по пълномощно от 18.07.2011 | Zahari Tomov, Attorney-at-law, acting under power of attorney dated July 18, 2011 |