USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
RUDERSDAL, EEOD, et al., :
:
                         Plaintiffs, :      1:19-cv-1762-GHW-RWL
:
                -v - :      <u>ORDER</u>
:
PHILIP ROBERT HARRIS, et al., :
:
                        Defendants. :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On May 26, 2023, Plaintiffs filed a Motion to Dismiss Remaining Defendants in Stayed Proceedings. Dkt. No. 123 (the "Motion"). Plaintiffs' Motion seeks dismissal under Federal Rule of Civil Procedure 41(a)(2) without prejudice and without fees or costs. *Id.* at 1. "[The presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y.) (citations omitted), *aff'd,* 125 F.3d 845 (2d Cir. 1997). When deciding whether to dismiss under Rule 41(a)(2), courts consider the following factors: "(1) the plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Id.* (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

The first factor weighs slightly against dismissal. A significant period elapsed in this case

without activity, and Plaintiffs filed the Motion only after being prodded into action by the Court.[1] The second factor favors dismissal. There is no "concrete evidence" of any ill motive, nor is any ill motive apparent from the face of the record. *See Doe v. Grindr, LLC*, No. 21CV4589AMDPK, 2022 WL 3139101, at *6 (E.D.N.Y. Aug. 5, 2022) (citation omitted). The third factor—the progress of the case—weighs overwhelmingly in favor of dismissal. Although this action has been pending for over four years, it has been dormant for a substantial part of this time, and trial is nowhere near the horizon. *See Gap*, 169 F.R.D. at 588 (finding support for dismissal of a nearly four-year-old case that included a period of dormancy and where the case was "far from being on the 'eve of trial'"). Also significant is that these defendants have not actively litigated this case. While there has been some motion practice in this case, much of that work would likely narrow the issues or be subject to recycling in a future case. The fourth factor thus supports dismissal. *See Gaffos, Inc. v. Designer Optics Corp.*, No. 20CV5783EKRER, 2022 WL 2467539, at *8 (E.D.N.Y. Mar. 23, 2022) (noting that courts "routinely" find support for the fourth factor, despite possible relitigation, where work product could benefit the potential future action), *report and recommendation adopted,* No. 20-CV-5783(EK)(RER), 2022 WL 2467472 (E.D.N.Y. June 6, 2022). The fifth factor also supports dismissal, since, as Plaintiffs briefly note, this action cannot proceed until pending litigation in Bulgaria concludes.

---

[1] Although this case was stayed pending resolution of the now-closed parallel action pending at 1:18-cv-11072-GHW-RWL, that parallel action sat inactive for a substantial amount of time. *See* Dkt. No. 85.

Having considered the above factors, and under the present circumstances, the Court finds dismissal without prejudice and without fees or costs appropriate. The Court therefore grants Plaintiffs' request to dismiss without prejudice and without fees or costs. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 123 and close the case.

SO ORDERED.

Dated: May 31, 2023

_____
GREGORY H. WOODS
United States District Judge